30 C.C.P.A. (Patents)

## ARCHITECTURAL CATALOG CO., Inc., v. F. W. DODGE CORPORATION.

Patent Appeal No. 4719.

Court of Customs and Patent Appeals.
June 1, 1943.

Rehearing Denied July 15, 1943.

Lester L. Sargent, of Washington, D. C., for appellant.

George E. Middleton, of New York City, and Clarence M. Fisher, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents sustaining

the opposition of appellee, hereinafter referred to as opposer, to the application of appellant, hereinafter referred to as applicant, for the registration, under the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq., of the notation "Architecture and Design" used as the title of a periodical issued by applicant, use being claimed by applicant since October 1937.

The decision of the commissioner reversed that of the Examiner of Interferences who had dismissed the notice of opposition and adjudged applicant entitled to registration sought.

The brief on behalf of opposer states the basis of its opposition as follows:

"Appellee, F. W. Dodge Corporation, is the owner and publisher of The Architectural Record, a periodical which has been continuously published in this country since 1891. In 1938 appellee acquired the business and goodwill of The American Architect and Architecture, which periodicals were thereupon merged with The Architectural Record and have been continuously published since under the title The Architectural Record followed in smaller type with 'Combined with The American Architect and Architecture' on the spine of the magazine, on the mast head, and sometimes on the cover. (See cover and title pages of the March, June and July 1938 issues, Appellee's Exhibits A and B).

"Appellee owns the following registered trade-marks for periodicals (Class 38):

"Opposer having adopted and used a composite title can not now pick out a single word from it and claim it separately as his title. Surely opposer is not entitled to monopolize arbitrarily a great number of names for the purpose of excluding others from the use of names appropriate to their products.

"Opposer is not now using and never has used the title of applicant which is 'Architecture and Design.' The differences between the marks in issue outweigh their resemblance and as the goods are different per se, the decision of the Examiner of Interferences should be sustained, and the Commissioner reversed."

The Examiner of Interferences took the view that while there may not have been an abandonment of use by opposer of the registered marks as a title for a separate publication, "the only mark pleaded that may be properly considered here is this composite mark (c) ['Architectural Record' prominently displayed in association with the legend 'Combined with American Architect and Architecture'] which it was using at or about the date of the filing of the notice of opposition."

The commissioner disagreed with the Examiner of Interferences upon this point, saying: "Since no abandonment has materialized, each of the registrations must be presumed to be valid and in effect, so that if applicant's mark is confusingly similar to any of them it must be presumed that opposer will be damaged by registration of

| No. | Date | | Mark |
|---|---|---|---|
| 173,713 | October | 2, 1923 | Architecture |
| 179,618 | February | 12, 1924 | The Architectural Record |
| 286,900 | September | 8, 1931 | The American Architect |
| 362,185 | November | 15, 1938 | American Architect and Architecture" |

From the foregoing it appears that the mark or title in actual use by opposer is a consolidation of prior registered marks. It is not registered in its consolidated form, and the brief on behalf of applicant asserts: "Appellee possesses no separate magazine 'American Architect' or 'Architecture' but only the single publication entitled 'Architectural Record combined with American Architect and Architecture.'"

We do not understand, however, that applicant claims abandonment on the part of opposer of its registered marks. The concluding paragraphs of applicant's brief read:

applicant's mark and the opposition must be sustained. D. J. Bielzoff Products Company v. White Horse Distillers, Limited, 107 F.2d 583, 27 C.C.P.A., Patents, 722."

■ We are of opinion that the view of the commissioner concerning this point is correct; that is to say, applicant's mark must be subjected to comparison with each of the registered marks in considering the likelihood of confusion.

The word "Architecture," embraced in applicant's mark, appears in two of opposer's registered marks, to wit, in No. 173,713, supra, being there registered alone, and in 362,185, supra, where it appears in

connection with the words "American [disclaimed] Architect and." The words "Architect" and "Architectural," appearing in the other registrations, are, of course, closely related in meaning to the word "Architecture." Indeed, as stated, in substance, by the Examiner of Interferences, the terms "Architecture" and "Architectural" may be regarded as derivatives of the term "Architect."

Copies of the periodicals of the respective parties showing the titles as arranged and used on the covers were placed in evidence.

The word "Architecture" in applicant's title as shown on its two exhibits in evidence (one dated October 1937 and one dated April 1940) is printed in somewhat fanciful type and is prominently displayed. The words "and" and "Design" immediately below "Architecture" are in script and are in fanciful form.

In opposer's title, upon the four samples in evidence, the word "Record" is most prominently displayed, and all the other words are printed in comparatively plain type, varying somewhat in size. On two of them the notation "combined with American Architect and Architecture" does not appear on the front cover, but only on the "spine."

■■ It is a matter of common knowledge of which we think judicial notice properly may be taken that the publishers of periodicals and magazines frequently change the style of the title pages while retaining the same words in the titles, and the style which may be used upon one issue may differ from that used upon another. It is of no great aid, therefore, in considering the question of confusion, to look to the style or arrangement of the title upon any particular issue. So, the words rather than the forms and arrangement of the type used must be the matter of primary consideration.

In the instant case applicant points out that the word "Design" does not appear in any of opposer's registered marks, and contends that the differences between the marks at issue outweigh their resemblance. Applicant also directs attention to, and places emphasis upon, the character of the contents of the periodicals issued by the respective parties, the manner of their distribution, and the type of subscribers to, or purchasers of, such periodicals.

The testimony (on behalf of both parties) in this case was stipulated with right reserved by counsel to make objections, the objections to be attached to the stipulations.

On behalf of applicant it was stipulated that its president, if called as a witness, would testify, inter alia:

"That 'The Architectural Record' is distinctly a trade magazine containing a great deal of editorial matter and is subscribed to principally by architects and draftsmen in the building trades. It contains a great deal of advertising, a few plates and most of its work is devoted to editorial columns.

"That 'Architecture and Design' is an entirely different media. It contains no editorial matter and is devoted to plates of the work of one architectural firm, engineer, or builder. The magazine's principal distribution today is by the firm whose work is shown in the issue in an endeavor by this firm to obtain new business, both for himself and the advertisers. The distribution today is mostly free and controlled and does not reach the field that is reached by 'The Architectural Record.' The architect, engineer, or builder, gives the distribution of the magazine 'Architecture and Design' to his clients or principals whom he knows are considering new building operations and its entire distribution might take three years before the issue is exhausted.

"That no instances of actual confusion in trade between Applicant's magazine 'Architecture and Design' and Opposer's magazine 'The Architectural Record', has ever come to my attention.

"That Applicant's magazine 'Architecture and Design' is a magazine which is usually purchased by some one architect on account of the fact that his particular designs are illustrated in some particular issue, whereas Opposer's magazine 'The Architectural Record' is a regular trade magazine with a subscription list and is sold and distributed to architects and their affiliates in the building trade in general."

We have given the arguments made on behalf of applicant full consideration.

It is well known that there are published throughout the United States many newspapers, magazines, and other periodicals which bear, in whole or in part, the same titles. In what number titles of such publications have been registered as technical trade-marks under the Trade-Mark Act of 1905, we are not advised, but, so far as we are advised, no question of the right so to register titles has ever been raised.

At any rate, applicant has not raised any question here respecting the validity of opposer's registrations, and applicant's right to register the title at issue as a technical trade-mark under the 1905 act must be considered under, and tested by, the statutes and rules applicable to registration of marks for merchandise. In other words, the periodicals of applicant and opposer must be regarded as merchandise in the sense in which the term "merchandise" is used in section 5(b) of the 1905 trade-mark registration act, 15 U.S. C.A. § 85(b).

When so considered and tested, we agree with the conclusion reached by the Commissioner of Patents that applicant's mark is confusingly similar with opposer's registered mark "Architecture," and his decision is affirmed.

Affirmed.